UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | ) ) ) | |
|---|---|---|
| Plaintiff | ) ) | No. 3:13-0628 |
| v. | ) ) ) | Judge Sharp/Brown **Jury Demand** |
| FEDERAL CORPORATION, | ) ) | |
| Defendant | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

A. JURISDICTION: This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the federal claims and arise out of the same case or controversy.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: Bridgestone owns a series of three-syllable, Italian-sounding tire trademarks with the suffix "NZA," *i.e.*, POTENZA, TURANZA, and ALENZA. Bridgestone has federally registered all three marks, which are commercially strong and famous based on their distinctive nature; widespread use and advertising; and substantial sales (to the tune of billions of dollars).

Like Bridgestone, Defendant also makes tires. With full knowledge of Bridgestone's successful POTENZA and TURANZA marks adopted decades earlier, and with a vast universe

of marks to choose from, Defendant selected another three-syllable, Italian-themed tire mark ending in -NZA: MILANZA.

Before this case was filed, the parties litigated before the Trademark Trial and Appeal Board and Federal Circuit (who found that the parties' marks conflict). Bridgestone opposed a trademark application Defendant filed for the mark MILANZA. Despite evidence of Bridgestone's tremendous sales and advertising, found by the Board to be "impressive under any standard," the Board concluded that the marks POTENZA and TURANZA had not achieved significant recognition independent of the famous BRIDGESTONE house mark. The Board then ruled that MILANZA was not likely to cause confusion. Bridgestone appealed the Board's ruling to Federal Circuit.

In March 2012, the Federal Circuit reversed the Board's ruling, finding that use of the BRIDGESTONE house mark does not diminish POTENZA and TURANZA as strong marks for tires. *Bridgestone Ams. Tire Operations, LLC v. Fed. Corp.*, 673 F.3d 1330, 1336 (Fed. Cir. 2012). Reversing the Board, the Federal Circuit ruled that MILANZA is likely to cause confusion, deception, or mistake. It commented that "[t]here is a heavy burden on the newcomer to avoid consumer confusion as to products and their source" and warned:

> This court has cautioned that there is "no excuse for even approaching the well-known trademark of a competitor." This caution applies here; the prior user is entitled to the traditional protections of its marks of trade, as against newcomers choosing a confusingly similar mark for the same goods.

*Id*. at 1337 (citations omitted.)

After the decision, Bridgestone discovered that Defendant's MILANZA tires were being sold in the United States. Bridgestone is thus entitled to an injunction and damages from Defendant's unlawful use of the MILANZA trademark.

2) DEFENDANT: Federal Corporation ("Federal") takes no position at this time on Plaintiff's theories espoused above. Rather, Federal is at a complete loss as to why Plaintiff Bridgestone Americas Tire Operation, LLC ("Bridgestone") suddenly has decided to file suit against Federal for the claims now alleged. Federal began selling tires in the United States under the MILANZA mark approximately a decade ago, but Federal stopped this activity completely in 2008. Further, Bridgestone and its current counsel of record learned of Federal's allegedly infringing activity no later than 2008, when sworn deposition testimony—obtained during the litigation before the Trademark Trial and Appeal Board described above—established such conduct unequivocally. The facts and circumstances surrounding this case cannot justify Bridgestone's five-year delay in bringing suit, particularly given that Federal's allegedly infringing conduct ceased nearly five years ago as well.

Despite the foregoing, Federal is willing to engage in good-faith settlement negotiations with Bridgestone to eliminate the need for litigation. Should settlement negotiations appear futile, however, Federal plans to move for dismissal of Bridgestone's claims based at least on the defenses of laches and applicable statutes of limitations. Federal also remains prepared to fully defend against all allegations raised in Bridgestone's Complaint.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 21, 2014**.

F. DISCOVERY: With one exception, the parties shall propound all fact discovery, including subpoenas for deposition of fact witnesses, by **August 1, 2014**; and the parties shall provide all responses and responsive documents, and make fact witnesses available for

deposition, by **September 2, 2014**. The parties agree that the lone exception to these fact discovery deadlines relates to the following: The parties may propound Requests for Admission to obviate the need to authenticate documents or to streamline the issues to be addressed at trial at any time up to **45 days** before trial. Responses to any Requests for Admission shall be due in accordance with the Federal Rules of Civil Procedure. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with Magistrate Judge Brown. The party requesting the conference shall check with opposing party as to their availability before setting a time certain with the Court. The parties will submit a **<u>brief</u>** statement of the issues to be discussed by **noon** of the day preceding the telephone conference.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend by **June 30, 2013**.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports by **October 1, 2014**. The defendant shall identify and disclose all expert witnesses and reports by **November 3, 2014**. The plaintiff shall identify and disclose all rebuttal expert witnesses and reports by **December 1, 2014**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses by **January 15, 2015**.

J. DISPOSITIVE MOTIONS: Dispositive motions will be filed on or before **February 20, 2015**. Responses to dispositive motions shall be filed within **21 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

K. ELECTRONIC DISCOVERY: The parties have reached preliminary agreement on electronic discovery and continue to work through the details of same. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

L. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **August 4, 2014, at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.** A joint statement of any unresolved issues must be submitted one full business day prior to the conference call.

M. TRIAL: The parties estimate that this jury trial will take four days, depending on what issues remain for trial (the parties are considering waiving the jury demand). After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **September 15, 2015**, **at 9:00 a.m.** Judge Sharp will conduct the final pretrial conference on **August 31, 2015, at 1:30 p.m.** Judge Sharp will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so ORDERED.

/s/ Joe B. Brown
JOE BROWN
UNITED STATES MAGISTRATE JUDGE